# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CONNER, | ) | CASE NO. 1:15CV2722 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER LAROSE | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp II. The Report and Recommendation (ECF #21), submitted on May 31, 2017, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DISMISSED.

## Procedural and Factual Background

In September 2012, the Cuyahoga County Ohio Grand Jury indicted Petitioner on one count of aggravated murder, one count of murder, four counts of felonious assault, one count of attempted murder, one count of discharging a firearm on or near a prohibited premises, and one count of having a weapon under a disability. (ECF #17-1, p. 5-9). After the close of the prosecution's case, the trial court dismissed the counts of attempted murder and two of the four counts of felonious assault. (Id. at 15). Petitioner was found guilty of all remaining counts except for a felonious assault charge. (Id.).

On January 25, 2013, the Cuyahoga County Court of Common Pleas sentenced Petitioner to 39 ½ years in prison. (Id. at 16).

On February 22, 2013, Petitioner appealed his sentence to the Ohio Eighth District Court of Appeals. (Id. at 18–19). Petitioner raised six assignments of error:

> 1) The trial court erred by denying Appellant's motion for a mistrial.
>
> 2) The trial court erred by finding Marquis Hollowell competent to testify, by finding him a hostile witness and by allowing the state to play Hollowell's prior recorded statements to the jury in violation of Appellant's due process right to a fair trial and his constitutional right to confrontation.
>
> 3) Appellant's convictions were not supported bu sufficient evidence and the trial court erred by denying his motions for acquittal.
>
> 4) The convictions were against the manifest weight of the evidence.
>
> 5) The improper comments made during closing arguments amounted to plain error and/or counsel's failure to object to them denied Appellant his constitutional right to effective assistance of counsel.
>
> 6) The trial court erred by imposing consecutive sentences and by failing to merge all allied offenses of similar import.

(Id. at 23). The Eighth District Court of Appeals affirmed Petitioner's conviction on February 20, 2014. (Id. at 95–149).

On April 7, 2014, Petitioner appealed to the Supreme Court of Ohio. (Id. at 151–153). On June 11, 2014, the Supreme Court of Ohio declined to accept jurisdiction over the case. (Id. at 172).

On May 21, 2014, Petitioner filed a pro se application to reopen his appeal with the Ohio Court of Appeals. (Id. at 173–214). Petitioner filed a supplement to his application. (Id. at 215–219). On October 22, 2014, the Ohio Court of Appeals denied Petitioner's application to reopen. (Id. at 232). Petitioner appealed to the Supreme Court of Ohio, and on February 18, 2015, the Supreme

Court of Ohio declined to accept jurisdiction. (Id. at 274).

While the motion to reopen the appeal was pending, Petitioner filed a pro se motion with the trial court for leave to file a new trial under Ohio Crim. R. 33 (A)(6) and for an evidentiary hearing. (Id. at 275–85). Petitioner requested to supplement the motion. The trial court granted the motion to supplement and denied the motion for leave to file for a new trial on March 16, 2015. (Id. at 315–16). On March 20, 2015, Petitioner filed a request for a hearing on his motion for a new trial which the trial court denied. (Id. at 317–37).

Petitioner, through counsel, appealed the denial of this motion for a new trial, but the Ohio Court of Appeals sua sponte dismissed the appeal as untimely filed. (Id. at 338–44, 345). Petitioner filed a motion for reconsideration, which the Ohio Court of Appeals granted as a motion for a delayed appeal. (Id. at 346–52, 353). Petitioner raised one issue in his appeal: "Defendant was denied due process of law when he presented evidence of actual innocence without an evidentiary hearing." (Id. at 355). On January 28, 2016, the Ohio Court of Appeals affirmed the trial court's judgment. *State v. Conner*, No. 103092, 2016 WL 541477, at *9 (Ohio Ct. App. Jan. 28, 2016).

On June 29, 2016, the Supreme Court of Ohio declined to accept jurisdiction over the case. *State v. Conner*, 52 N.E.2d 1205, 1205 (Ohio 2016).

On December 31, 2015, Petitioner filed the present petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF # 1). The petition raised seven grounds for relief:

> Ground one: Fourteenth Amendment
> Supporting Facts: Petitioner was denied a fair trial. The trial court denied petitioner's request for a mistrial because of misconduct during the course of the trial.
>
> Ground two: Sixth and Fourteenth Amendment
> Supporting Facts: Petitioner was denied his right of confrontation and cross-examination when the court allowed a prosecution witness, Marquis Hollowell to testify by allowing the

state to play a prior recorded statement, not under oath, to the jury.

Ground three: Fourteenth Amendment
Supporting Facts: Petitioner's conviction was not supported by evidence and proof beyond a reasonable doubt. Moreover, the convictions are against the manifest weight of the evidence entitling petitioner to a new trial.

Ground four: Fourteenth Amendment
Supporting Facts: Petitioner was denied a fair trial because of improper comments made during closing arguments.

Ground five: Fifth and Fourteenth Amendment
Supporting Facts: Petitioner was subjected to unconstitutional multiple punishments when the court failed to merge allied offenses of similar import.

Ground six: Sixth Amendment
Supporting Facts: Petitioner was denied effective assistance of counsel by reason of errors and omissions by his trial counsel.

Ground seven: Sixth Amendment
Supporting Facts: Petitioner was denied effective assistance of appellate counsel when appellate counsel failed to raise errors that were apparent upon the fact of the record.

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Knepp for the preparation of a report and recommendation. Magistrate Judge Knepp issued his Report and Recommendation on May 31, 2017, recommending that Petitioner's Writ of Habeas Corpus be denied because Petitioner did not meet any of the standards that would grant relief. Specifically, Magistrate Judge Knepp found that the Ohio Court of Appeals decision upholding the denial of a mistrial did not deny Petitioner a fair trial. Further, Magistrate Judge Knepp found that the trial court did not deny Petitioner his confrontation rights, nor were the convictions against the manifest weight of the evidence. Magistrate Judge Knepp also found that Petitioner failed to timely object and meet the standard for a showing of improper comments during trial and that Petitioner failed to make a constitutional claim for failure to merge allied offenses. Lastly, Magistrate Judge

Knepp found that Petitioner did not have ineffective assistance of trial counsel and that Petitioner did not have ineffective assistance of appellate counsel. Objections to the Report and Recommendation were to be filed within 14 days of service. Petitioner motioned for an extension of time. (ECF # 22). An extension was granted and an objection was filed on July 14, 2017. (ECF # 23, 24).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b)(3) provides this standard of review. It states, in pertinent part, the following:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## Conclusion

The Court has reviewed the Report and Recommendation, and all of the pleadings, affidavits, motions and filings of the parties de novo, and agrees with the findings of Magistrate Judge Knepp. Petitioner's objections raise no issue which was not fully considered and rejected by the Magistrate Judge. In Petitioner's objections to the Report and Recommendation, Petitioner reiterates the arguments made in Petitioner's habeas corpus petition. Each one of these arguments was thoroughly reviewed by the Magistrate Judge and properly rejected. The Report and Recommendation of Magistrate Judge Knepp (ECF # 21) is ADOPTED. Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: September 18, 2017