UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CONNER, | ) | CASE NO.: 1:15CV2722 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LAROSE, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| | ) | |

This matter comes before the Court on Petitioner Anthony Conner's Motion to Alter and Amend Judgment pursuant to Fed. R. Civ. P. 59(e). Petitioner requests that this Court amend its judgment (ECF #25) denying Petitioner's habeas corpus petition under 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's present Motion to Alter and Amend Judgment (ECF #27) is DENIED.

On December 31, 2015, Petitioner filed a writ of habeas corpus petition under 28 U.S.C. § 2254 to vacate his conviction for aggravated murder, murder, felonious assault, discharging a firearm on or near a prohibited premises, and having a weapon under a disability. (ECF #1). On May 31, 2017, Magistrate Judge James R. Knepp, II issued his Report and Recommendation, recommending that Petitioner's petition be dismissed. (ECF #21). On September 18, 2017, this Court adopted that Report and Recommendation. (ECF #25). On October 13, 2017, Petitioner filed this present Motion. (ECF #27). Respondent filed a Brief in Opposition on October 13, 2017. (ECF #28).

When considering a motion to alter or amend judgment, a court will only grant the motion

1

if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not an opportunity to re-argue the case. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Equal Emp't Opportunity Comm'n v. Agent Indus., Inc.*, 746 F.Supp. 705, 706 (S.D. Ohio 1989).

Here, Petitioner attempts to re-argue the case. Petitioner does not allege new facts or evidence that has not been previously considered and rejected. Further, there is no intervening change in controlling law. Lastly, Petitioner has not shown a clear error of law or a need to prevent manifest injustice. In short, Petitioner attempts to re-argue his entire case which falls outside the scope of a Rule 59(e) motion.

For these reasons, the Court finds no basis upon which to alter or amend its denial of Petitioner's habeas corpus petition. Accordingly, Petitioner's Motion to Alter or Amend Judgment (ECF #27) under Fed. R. Civ. P. 59(e) is DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: November 13, 2017